By the Court.—Freedman, J.
The action is for advances and disbursements made over and above the proceeds realized from the goods consigned. There were two distinct consignments. The first was made in September, 1872, by the bark Margaret S. Weir, and the second in the month of December following, by the bark Kestrel. Defendant’s answer is in effect a general denial, except as to the advances which are admitted.
Defendant complains that against his objection and exception the court, upon the trial, admitted in evidence copies of the charter-party of both vessels.
Notice had been served on defendant’s attorney to produce the originals, but they had never been in his possession or in that of the defendant. George H. Brewer, a witness, had been subpoenaed to produce them, but it turned out that at the time of the service of the subpoena he was no longer connected with the shipping firm which had the custody of them. ¡Nor was any proof given that a search had been made *189 for them and that they could not be found. Unless, therefore, the copies were admissible without accounting for the non-production of the originals, they were improperly received.
Proof was given, however, of the due execution of the originals by the defendant, and then it was shown that the shipping brokers always kept the original charter-party and furnished copies only to the parties in interest; that this custom was observed in this case; that the defendant received his copies, which were certified, and handed the copy relating to the bark Margaret S. Weir over to plaintiffs’ agent in the city of Hew York, who mailed the same to the plaintiffs ; that the copy received by the defendant relating to the bark Kestrel was mailed by the defendant himself to the plaintiffs; that the plaintiffs subsequently sent both copies so mailed to them back to their agent in the city of Hew York, and that said agent handed them over to plaintiffs’ attorney, who produced them in court.
Having been thus identified and connected with the defendant, the copies produced and put in evidence were clearly admissible. Indeed it may be said, that such copies were, as between the plaintiffs and the defendant, the best evidence, for they were furnished by the defendant to the plaintiffs as a guide, in the performance of the contract which they were to perform for him.
The defendant also objected to the admission in evidence of certain accounts of sales and disburse•ments relating to the cargo of the bark Margaret S. Weir, upon the grounds, first, that the defendant had, during the pendency of the action, demanded copies of the accounts mentioned in the complaint, and that the plaintiffs had omitted to furnish the same, and hence were precluded under section 158 of the Code from giving evidence thereof; and secondly, because, as they *190 claimed, there was no evidence that the accounts offered had ever been rendered to the defendant.
As to. the first ground of objection the answer is twofold:
1. The complaint does not proceed upon an account stated. It is for moneys advanced, laid out and expended for defendant’s use, and it specifies the facts and circumstances under which, and the manner in which, it was done. The causes of action pleaded are based, therefore, upon the original indebtedness. It is only in cases in which the pleading is based upon a specific account, set forth in the manner permitted by section 158, that the items may be called for as matter of right.
2. Even if the complaint could be deemed to allege an account, if the defendant desired to preclude the plaintiffs from giving evidence thereof, on the ground of failure to comply with the demand, he should have applied to the court at special term, and have the question settled there in advance of the trial. Having delayed until the trial, the motion to preclude the plaintiffs was at best addressed to the discretion of the presiding judge, and the exercise of his discretion should not be interfered with, especially when it appears, as it does in this case, that the accounts were rendered to the defendant before the commencement of the action, and that their correctness as to items was expressly acknowledged by him.
As to the second ground of objection:
It distinctly appears that accounts were rendered by plaintiffs to defendant of both consignments. The defendant, by letter, acknowledged that he had examined them, and that they were correct as to figures. These accounts hti had notice to produce, but he failed to do so. The plaintiffs thereupon offered a copy of the account relating to the Kestrel, and the same was received without objection. The account of the Mar *191 garet S. Weir, it seems, was transmitted by the plaintiffs to their agent in ¡New York on the same sheet with the account of another vessel called the James Kitchen, in which defendant had no interest, and so much of the account as related to the Margaret S. Weir was offered and put in evidence after proof had been made that the agent referred to had shown the whole document to the defendant, and had discussed it with him, and that he had furnished the defendant with a copy of so much of it as related to the Margaret S. Weir.
¡No error was therefore committed in receiving the accounts.
The defendant finally claims that the case should have been submitted to the jury on the question whether the defendant is chargeable with the lighterage, demurrage and cartage set forth in the accounts.
The evidence was not only abundant, but uncontradicted, and all the facts and circumstances in the case seem to corroborate it, that these charges were incurred by the plaintiffs in good faith and necessarily, and hence plaintiffs were entitled to have the jury so instructed.
There are other exceptions in the case, but, as they have not been noticed in defendant’s points, they may be deemed to have been waived.
Defendant’s exceptions should be overruled and judgment ordered for the plaintiffs, upon the verdict, with costs.
Curtis, Ch. J., and Sanford, J., concurred.